STATE OF VERMONT
RUTLAND COUNTY

KATHY PEASE and MICHAEL PEASE,)
As Co-Administrators of the Estate of )
Ashley Pease, Deceased, )          **Rutland Superior Court**
        Plaintiffs, )              **Docket No. 582-9-05 Rdcv**
                            )
v. )                               ORIGINAL rAPER
                            )      RUTLAND SUPERIOR COURT
SEAN GRINOLD and )
COLLEEN KENNEDY, )                 APR 15 2008
        Defendants. )

## DECISION
Motion to Modify and Quash Subpoena Duces Tecum, filed 6/25/2007 (#41)
Motion for Protective Order, filed 1/28/2008 (#51)
Motion for Reconsideration, filed 2/1/2008 (#52)

The present matters before the Court are the Motion to Modify and Quash Subpoena Duces Tecum, filed June 25, 2007, by the Commissioner of the Vermont Department of Public Safety (DPS), the Motion for Protective Order, filed January 28, 2008, by DPS, and the Motion for Reconsideration, filed February 1, 2008, by Plaintiffs. DPS is represented by Howard A. Kalfus, Esq. Defendant Colleen Kennedy is represented by John Paul Faignant, Esq. Defendant Sean Grinold is represented by Thomas P. Aicher, Esq. Plaintiffs Kathy Pease and Michael Pease, as Co-Administrators for the Estate of Ashley Pease, are represented by Lars Lundeen, Esq.

This action involves an automobile accident, and one of the central issues is whether Ashley Pease or Sean Grinold was operating the vehicle at the time of the crash. The primary investigation was performed by former Vermont State Trooper Mary (Sabo) Burns. During her deposition, she testified that she prepared an official accident report that identified Sean Grinold as the operator at the time of the crash, although she admitted that this conclusion was based upon hearsay information provided to her by Mr. Lundeen, who represents the co-administrators of the Estate of Ashley Pease. She also testified that she was certified as an accident reconstructionist, that she subsequently left her employment as a state trooper because she was offered another job, and that she had never been subject to disciplinary proceedings.

After the deposition, Ms. Kennedy discovered information from the Vermont State Police tending to show that Ms. Burns authored a second incident report in which she identified Ashley Pease as the operator of the vehicle at the time of the crash. Moreover, Ms. Kennedy has represented to the Court that she is in possession of credible information tending to show that Ms. Burns was in fact terminated from the Vermont State Police for falsifying her on-call records and inflating her payroll.

1

Based upon this information, Ms. Kennedy served a subpoena duces tecum on the Department of Public Safety on June 13, 2007, requesting production of (1) personnel files related to Mary (Sabo) Burns, including applications for employment, certificates of training, and commendations, awards, or disciplinary actions, and (2) any disciplinary files, including investigative reports and transcripts of disciplinary hearings related to Ms. Burns' employment with and termination from the Vermont State Police. Ms. Kennedy argues that production of the personnel and disciplinary files are necessary to verify Ms. Burns' claimed credentials and discover information relevant to her statements about the timing of her report, whether she was subject to any disciplinary proceedings; and the reason she left her employment with the Vermont State Police. Ms. Kennedy argues that the investigatory files, in particular, will show whether an internal investigation conducted by DPS had found Ms. Burns to be untruthful.

DPS filed a Motion to Modify and Quash Subpoena Duces Tecum (MPR #41). DPS argues that Ms. Burns was not provided with an adequate opportunity to respond to the subpoena request for production of the personnel files, as required by 12 V.S.A. § 1691a, and that the Court should at least allow for the redaction of home addresses, financial information, and social security numbers from the personnel files. In addition, DPS argued that complaints related to the conduct of Vermont State Police Troopers are handled by the DPS Office of Internal Investigation, whose records are made confidential by 20 V.S.A. § 1923(d), and that Ms. Kennedy had not made a sufficient showing of need.

Based upon these two documents, the Court denied MPR #41 on December 20, 2007, on the grounds that "the requisite showing has been made for discovery of the requested material." However, in a letter filed January 10, 2008, by Mr. Kalfus, the Court became aware that the document containing Ms. Kennedy's showing of need had never been served upon DPS, and that DPS had also never been served with the entry order denying the Motion to Quash.

Plaintiffs accordingly filed a Motion for Reconsideration (MPR #52) on February 1st, arguing that they had been prejudiced by various failures of service. Plaintiff additionally offered substantive arguments regarding the merits of the subpoena and the Motion to Quash, including arguments that § 1923 contains no exceptions for use of Internal Investigation files in court proceedings, that the Court has no power to override the Legislature's definition of the scope of a privilege, and that Ms. Kennedy had not articulated a constitutional basis for overriding the privilege akin to the due-process rights accorded to criminal defendants. *State v. Roy*, 151 Vt. 17, 32 (1989).

Ms. Kennedy responded on February 4th by arguing that Plaintiffs had no standing to assert a privilege on behalf of either Ms. Burns or the State, and that Ms. Burns had waived any objection to production of her employment records by failing to respond to the notice provided to her. Ms. Kennedy also argued that confidentiality under § 1923 is not absolute, in that the statute contemplates disclosure of records to the public by the State Police Advisory Commission "to ensure that proper action is taken in each case." 20 V.S.A. § 1923(d)(3).

2

During a hearing on February 4th, the Court noted the various failures of service that had occurred, and accordingly vacated its entry order on the Motion to Quash and provided additional time for responses to the Motion to be filed. This action rendered Plaintiffs' Motion for Reconsideration moot.

DPS then filed an additional response on February 19th. For the first time, DPS argued that production of personnel records is prohibited by the Public Records Act, 1 V.S.A. § 317(c)(7), which exempts from public inspection and copying all "personal documents relating to an individual, including information in any files maintained to hire, evaluate, promote or discipline any employee of a public agency." DPS also requested *in camera* review of the personnel records so that the Court may weigh the competing privacy interests of Ms. Burns against the need asserted by the litigants. *Kade v. Smith*, 2006 VT 44, 180 Vt. 554 (mem.). Additionally, DPS argued that the statutory exceptions listed in § 1923(d) did not fit the facts of this case, that Ms. Kennedy's showing of need did not rise to the level set forth in *Roy* and *In re Grievance of Danforth*, 174 Vt. 231 (2002), and that any need asserted by Ms. Kennedy was diminished by the fact that any records obtained would not be admissible as extrinsic evidence of specific instances of conduct showing a witness's character for truthfulness. V.R.E. 608(b).

Finally, Plaintiffs offered a supplemental memorandum of law on February 19th. In addition to repeating the argument that the statutory exceptions listed in § 1923(d) do not fit the facts of this case, Plaintiffs argued that Ms. Kennedy's assertions of need were made as representations in a memorandum, and not as sworn affidavit testimony made on personal knowledge.

For the following reasons, the Court holds that DPS must produce the personnel records because Ms. Burns has not objected to such discovery, and that Ms. Kennedy has not made a sufficient showing of need to warrant production of the internal investigation records at this time. It is therefore unnecessary to address the additional arguments advanced by the parties regarding Plaintiffs' standing to raise or defend a claim of privilege, and the scope of discovery available under § 1923(d).

*Personnel Files*
The procedure for discovery of personnel files in a civil action is set forth by 12 V.S.A. § 1691a, which requires that the employee be served with notice of the request and provided an opportunity to respond and object. Ms. Burns has now been provided with notice and has had a more-than-adequate opportunity to respond and object. She has not filed any objection with the Court. *Id.* § 1691a(i).

However, DPS is not precluded from asserting an independent basis to resist production of the personnel file, and has argued that the request for "any and all personnel records" is protected by the Public Records Act, 1 V.S.A. § 317(c)(7). Subsection (c)(7) defines the category of public records exempt from public inspection and copying as including "personal documents relating to an individual, including information in any files maintained to hire, evaluate, promote or discipline any employee

3

of a public agency." Such information is exempted from public disclosure because it may include information which reveals "intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends." *Trombley v. Bellows Falls Union High School Dist. No. 27*, 160 Vt. 101, 110 (1993) (citations omitted).

The Public Records Act creates exemptions dealing with disclosure to the public generally. It does not deal with disclosure in response to discovery requests in litigation, and does not create an evidentiary privilege in a court proceeding. *Douglas v. Windham Superior Court*, 157 Vt. 34, 38 n.2 (1991). Therefore, § 317(c)(7) does not provide an independent basis to resist production of the personnel file.

Moreover, Ms. Burns has not objected to production of any information from her personnel file, despite having had notice and an adequate opportunity to do so. Therefore, there is no need for an *in camera* review to balance Ms. Burns' claims to privacy against the litigants' demonstration of need, and there is no need for redaction of home addresses and financial information, as Ms. Burns has not objected to disclosure of this information. The parties have conceded that redaction of social security numbers is appropriate. For these reasons, the Motion to Quash is *denied* with respect to the personnel files requested in section (1) of the Subpoena. DPS may redact social security numbers from the files prior to production.

*Disciplinary/Investigatory Files*

As discussed more fully above, Ms. Burns testified during her deposition that she had never been the subject of any disciplinary proceedings, and that she left her employment with the State Police because she was offered another job. Ms. Kennedy represents that she has since discovered information that Ms. Burns was in fact terminated from her employment with the State Police for falsifying her on-call records and inflating her payroll records. Ms. Kennedy seeks production of Ms. Burns' disciplinary and investigatory records in order to impeach the statements Ms. Burns made during her deposition, and to impeach Ms. Burns' character for truthfulness and veracity.

It is likely that Ms. Burns will be called as witness to offer opinions regarding the cause of the accident, and who was driving at the time of the crash. The credibility of her opinions, and her character for truthfulness and veracity, will be important to the jury's determination of the weight to be afforded her testimony. It is reasonable to anticipate that the personnel file will contain information relevant to confirming whether or not Ms. Burns was terminated from the State Police for falsifying records, as well as information relevant to whether Ms. Burns was subjected to any other disciplinary proceedings. Ms. Kennedy may utilize other discovery tools to follow up on information she obtains from the personnel file as well as from other sources. Though Ms. Kennedy has demonstrated that the issues are important to the case, she has not demonstrated a sufficient need for discovery of the internal investigation files, at this time.

Because need for the requested discovery has not been shown, the court need not address the legal issue argued by DPS, namely, whether, under the circumstances of this

4

case, discovery is available in view of the provisions of 20 V.S.A. § 1923. The Motion to Quash (MPR #41) is *granted* with respect to the confidential files requested in section (2) of the subpoena. Furthermore, because DPS sought protective conditions concerning release of the internal affairs files protected by § 1923, and those files are not being released at this time, the Motion for Protective Order (MPR #51) is *denied as moot*.

## ORDER

For the foregoing reasons,

(1) DPS' Motion to Modify and Quash Subpoena Duces Tecum, filed June 25, 2007 (MPR #41), is *denied* with respect to the personnel files requested in section (1) of the subpoena, and *granted* with respect to the investigatory files requested in section (2) of the subpoena;

(2) DPS' Motion for Protective Order, filed January 28, 2008 (MPR #51), is *denied as moot*; and

(3) Plaintiffs' Motion for Reconsideration, filed February 1, 2008 (MPR #52), is *denied as moot*.

Dated at Rutland, Vermont this 14th day of April, 2008.

Hon. Mary Miles Teachout
Presiding Judge

5